## No. 15,722.

HAWKYARD *v.* THE PEOPLE.
(169 P. [2d] 178)

Decided April 29, 1946.

Mr. L. C. KINIKIN, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

IN a lunacy proceeding under chapter 105, '35 C.S.A., it was adjudged that George E. Hawkyard was, by reason of old age and weakness of mind, incapable unassisted to properly manage and take care of himself or his property, and thereafter a conservatrix was appointed to take and have the care of his person and the custody and management of his estate. Hawkyard seeks a reversal of both judgments by writ of error. For convenience only, Hawkyard will be herein designated as defendant.

At a hearting before the lunacy commission, composed of two reputable and prominent physicians and surgeons in Montrose county, defendant was represented by a

guardian ad litem who was a capable and experienced attorney. The evidence adduced at the hearing was largely that of a prominent attorney in Montrose county who had in the past been entrusted with some, if not all, of defendant's legal matters, and a reputable businessman in Montrose who had known defendant for many years, and who, through that acquaintance, had a rather intimate knowledge of defendant's business transactions. The testimony of these two witnesses constituted the only evidence before the commission pertaining to defendant's mental condition and his ability to properly manage his business affairs, and if their evidence was properly before the commission it was amply sufficient to justify the commission's findings and report. No objection was interposed by defendant or the guardian ad litem to the attorney's appearance as a witness and no objection was made as to any of the proceedings in the county court—which terminated on September 15, 1945—until December 29, 1945, when counsel now appearing for defendant filed a motion for a new trial. This motion was overruled at a hearing before the court on January 2, 1946, resulting in a written order, in which appears the following: "The court, being fully advised in the premises, finds that the hearing herein had on September 15, 1945, was in full compliance with the provisions of the law in such case made and provided, that the interests of the defendant were properly protected at said hearing, that the defendant had and exercised his opportunity to explain his situation and answer all matters submitted on behalf of the People in regard to his mental condition, altho since the testimony and statement of defendant was not under oath, the same was not taken down; * * *"

In the specification of points defendant relies for a reversal on errors alleged to have been committed in the trial or hearing: 1. Overruling defendant's motion for a new trial; 2. lack of knowledge on the part of com-

38

plainants; 3. the appointment of a conservatrix; and 4. in not finding and determining that a conspiracy existed.

In connection with the hearing before the commission, it is said that defendant was deprived of his right to make a statement concerning his mental and physical condition for the commission's consideration. If this is defendant's position here, there is not a scintilla of evidence in the record to support it. Next, in connection with the hearing, it is argued that a statement from the defendant was necessary under the provisions of section 5, chapter 105, '35 C.S.A. That argument is unsupported by the statute. Again, it is said that the lunacy commission did not make a physical or mental examination of defendant as required by section 6, chapter 105, '35 C.S.A. As to this assertion the record is silent, and there is no certification that the record here is complete; nevertheless, in view of the findings of the court concerning the regularity of all of the proceedings before the lunacy commission, it will be presumed on review that the commission fully discharged its duties under the law. It is asserted that defendant was wrongfully deprived of a jury trial. The record does not contain evidence of any request by defendant or his guardian ad litem for a jury determination.

1. It will serve no useful purpose to set forth the grounds upon which defendant relies as a basis for the granting of his motion for a new trial. If we were to require strict compliance with our rules, some of the specification of points could not be considered because not set forth in motion for a new trial; but in a proceeding of this nature we elect to disregard technical rules. In the motion for a new trial it is alleged that defendant was not advised of his right to a jury trial. Conceding this as a fact, our attention is not directed to any statute requiring the court or the county attorney or the guardian ad litem to impart this information to

a defendant. There also is a charge of collusion between the complainants—who were defendant's daughters—and others to deprive him of the use of his property. There is not a partical of evidence in the record to support this charge.

■ Next, it is contended that the evidence of the attorney who had had charge of defendant's business consisted of privileged communications under the provisions of section 9, chapter 177, '35 C.S.A:, and its admission, therefore, was prejudicial to the rights of defendant. We are not confronted with a situation where either defendant or his guardian ad litem objected to the attorney's testimony or objected to his testifying because of a confidential relationship. We might dispose of this contention by the statement that in the absence of an objection the consent of defendant was waived, but we do not believe that in a lunacy inquisition, which is a statutory proceeding by the state for the protection of an unfortunate individual and his property, the statute has any application. A lunacy inquisition is not instituted for the purpose of punishing a mental incompetent or to deprive him of any property rights, but is a proceeding to protect him from the impositions of unscrupulous persons and to conserve his property for his use and benefit. It is in no sense adversary, and an attorney who has had charge of his legal business may be in much better position than any other person to give evidence as to the unfortunate person's inability to properly manage his affairs. In the instant case the evidence given by the attorney was substantiated in toto by another witness who sustained no confidential relationship to defendant. The court did not commit error in overruling defendant's motion for a new trial on this ground.

■ 2. The complainants were daughters of the defendant, and at the hearing frankly stated that they were not intimately acquainted with the defendant's business affairs. Personal knowledge of the affairs of

an alleged mental incompetent is not required on the part of a complainant, and when a complaint is filed and the statute thereby set in motion, it has served its purpose. It is no defense to say that those who made the complaint containing statutory allegations did not have personal knowledge of the facts alleged.

■ 3. If the defendant's mental condition was such as was found by the lunacy commission, and, parenthetically, we observe that the evidence amply supports its finding, it was the court's duty to conserve the estate of the unfortunate individual by the method provided by statute, i. e., the appointment of a conservator, '35 C.S.A., chapter 105, section 9. This procedure was followed here, and nothing has been called to our attention that in anywise raises a doubt as to the propriety of appointing one of defendant's daughters, who, by reason of her filial affection, should be more alert in providing for her unfortunate parent than a stranger.

4. We have read and carefully considered the record, and there is a complete absence of evidence which would justify even a suspicion of a conspiracy between defendant's daughters to have defendant adjudged incapable of managing his affairs, or to improperly bring about a conservatorship, and there is nothing in the record which should have caused defendant's attorney to include this charge among his specification of points. It is entirely illusionary.

Our attention has been directed to the decisions in *Hultquist v. People,* 77 Colo. 310, 236 Pac. 995, and *Isham v. People,* 82 Colo. 550, 262 Pac. 89. A study of these opinions, together with the records filed therein, upon which they are based, we think jutifies the conclusion that they are not helpful here, and that nothing in our present pronouncement in anywise conflicts with those decisions.

■ The record supports the statement that defendant was in comfortable financial circumstances and justifies the finding that by reason of his age he was

the victim of artful persons who had taken advantage of his infirmity in financial transactions. He is eighty years old, has held positions of prominence in his community, and is now, in his weakened mental condition, entitled to all the protection that the law affords. This protection is accorded by our lunacy statutes, which, so far as we are advised, is the only proper method to be followed under the circumstances presented by this record. Should defendant's mental condition improve to such an extent that he is again able to properly care for himself and manage his business affairs, the courts are alert to exercise the salutary provisions of the statute and restore him to his former status. To those of us who understand and appreciate the laws of nature, this aged gentleman's mental condition is readily understandable and no stigma attaches by reason of the orders entered herein for his protection.

Judgment affirmed.

MR. JUSTICE KNOUS does not participate.